[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
This matter is before the court regarding a claim of contempt for failure to comply with orders of the court from the 1973 judgment in this matter. In relevant part, the court ordered regarding and insurance agency operated by the defendant, "in the event that the agency reverts back to the Nationwide, on the basis of the annual renewal premiums, the proceeds derived from the disposition of the agency in that fashion shall be divided equally between the parties."
The court finds that, at the time of the service of the Application for Contempt Citation and Order to Show Cause, December 3, 1997, and its filing, no sums were due from the defendant to the plaintiff. The court finds that the personalty sold by the defendant did not constitute "proceeds derived" as defined by the court.
While the defendant retired, as of August 31, 1997, the first proceeds received by him was on January 9, 1998, which was four days prior to hearing on this matter. The defendant did not CT Page 1328 convey one-half of the proceeds to the plaintiff. He held the check from Nationwide without negotiating it. He argues that he should convey to his ex-wife one-half of the net proceeds after considering the tax consequences to him. He did not convey even that to the plaintiff upon receipt of the money.
The court finds that the defendant understood the court order. During the fall, he had sought to negotiate a different result than giving one-half of the proceeds to his ex-wife. He did this because he didn't like the tax ramifications of the court order, as explained to him by his accountant, who testified in this matter.[1]
The defendant knew he was noncompliant with the court order once he received the money on January 9, 1998 and didn't send the plaintiff her share. Instead the defendant continued to seek the negotiation of a different solution, or, this court to "equitably" modify the judgment. This, of course, is not possible (Connecticut General Statutes Section 46b-86). Further, it reflects the defendant's decision to not comply with the court order to see if he could get a better result. This is willful non-compliance. The court further finds that the defendant has the ability to comply with the court order.
The defendant is found in contempt of court for failure to comply with the court order by transferring the plaintiff one-half of the proceeds he received on January 9, 1998. He is ordered to do so immediately.
The defendant is further order to pay $200.00 toward the plaintiff's cost to travel to Connecticut from Florida to prosecute this motion; to be paid on or before February 20, 1998.
The court, having received the affidavit of plaintiff's counsel regarding attorney's fees denies the claim for fees. The affidavit fails to disclose the counsel's hourly rate or number of hours spent on this matter.
The court orders costs of $31.00 for sheriff's fees and $60.00 entry fee to be paid by the defendant to the plaintiff, to be paid on or before February 20, 1998.
Munro, J.